IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| GROOVE DIGITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED BANKSHARES, INC. <br><br> Defendant. | C.A. NO. 3:17-cv-794-MHL <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Groove Digital, Inc. ("Groove Digital") files this complaint for patent infringement against Defendant United Bankshares, Inc. ("United Bank").

**PARTIES**

1. Plaintiff Groove Digital is a corporation organized and existing under the laws of Delaware with its principal place of business at 17 Eagle Nest Road, Morristown, New Jersey 07960.

2. On information and belief, Defendant United Bank is a Virginia corporation with its principal place of business at 2071 Chain Bridge Road, Vienna, VA 22182.

3. Groove Digital is the owner of U.S. Patent No. 9,454,762 to Gaidemak, *et al.*, titled "System and Method for the Delivery of Content to a Networked Device" ("the '762 Patent").

4. United Bank directly and/or indirectly makes, imports, distributes, markets, sells and/or offers to sell throughout the United States, including in this judicial district, products and/or services that infringe one or more claims of the '762 Patent as described below.

## JURISDICTION AND VENUE

5. This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7. United Bank conducts substantial business in this judicial district, including, but not limited to, regularly soliciting business from, doing business with, and deriving revenue from goods and services provided to customers in this district. United Bank has infringed the '762 Patent in this judicial district, and such acts are continuing. United Bank further maintains a regular and established place of business in this district. Because United Bank is a Virginia corporation that has committed acts of patent infringement in this judicial district and maintains a regular and established place of business in this district, this Court has personal jurisdiction over United Bank.

8. Because United Bank has committed acts of patent infringement in this judicial district, because United Bank provides services and/or products in this judicial district, maintains a regular and established place of business in this district, and otherwise has minimum contacts here, venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## U.S. PATENT NO. 9,454,762

9. The United States Patent and Trademark Office duly and legally issued the '762 Patent on September 27, 2016, to the inventors Sam Gaidemak and Paul Chachko. Groove Digital is the owner by assignment of all right, title and interest in and to the '762 Patent, including the

right to sue, enforce and recover damages for all past, present, and future infringement of the patent. A true and correct copy of the '762 Patent is attached as Exhibit A.

10. The '762 Patent generally claims improvements in the delivery and display of digital content to computer systems by using applet applications (colloquially known as "apps"). The improvements include the use of app-based alerts known as "push notifications" to provide (i) content directly to a device, and (ii) browser links to specific web pages known as "deep-link URLs." Additional improvements include the ability of the apps to passively deploy and terminate operation without requiring any input from the user of the device and to deliver content independent of the browser used. Each of those features represents a use of technology that was unconventional as of March 18, 2005, when Mr. Gaidemak and Mr. Chachko submitted their provisional patent application to the U.S. Patent & Trademark Office. For example, Apple's App Store, the first widely-available digital distribution platform for such apps, did not open until July 2008, more than two years after the '762 Patent's application date.

11. As a result of the improvements provided by the '762 Patent, the overall functionality of computer systems' content delivery has been improved to the extent that passively-deployed browser-independent app-based content accounts for an increasingly substantial portion of content delivery in the smartphone and tablet market. Apple's App Store, for example, has increased its available applications from 500 in 2008 to more than 2 million in 2017. Similarly, Google's app store, known as Google Play, launched in 2008 as Android Market, now offers almost 3 million apps which, collectively, have been downloaded over 82 billion times. This explosion in passively-deployed, browser-independent, app-based content delivery and display would not have been possible without the technology claimed by the '762 Patent.

12. The application for the '762 Patent spent over ten years in prosecution before the patent issued on September 27, 2016. In that time, it overcame numerous prior art references as well as a rejection under 35 U.S.C. § 101. The examiner thus considered the patentability of the claimed inventions and allowed them under the stricter § 101 standard set by the Supreme Court in *Alice Corp. v. CLS Bank Int'l*, 573 U.S. __, 134 S. Ct. 2347 (2014) and its progeny.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,454,762

13. Groove Digital re-alleges and incorporates herein by reference the allegations stated in paragraphs 1-12 of this Complaint.

14. United Bank has infringed and is continuing to infringe, literally or through the doctrine of equivalents, directly, jointly, or indirectly, contributorily and/or through the inducement of others, one or more claims of the '762 Patent, by making, using, offering to sell and/or selling in this judicial district and elsewhere within the United States and/or importing into the United States its "Bank With United" mobile banking application (the "Accused Product"), which is within the scope of at least claim 1 of the '762 patent, constituting infringement under 35 U.S.C. § 271 (a), (b), (c) and/or (g).

15. United Bank's direct infringement includes, without limitation, using the systems and methods of at least claims 1, 3, 7, 8, 9, 14, 18, 19, 20, 22, 24, 25, 29, 30, 31, 33, 35, 36, and 37 of the '762 Patent. Specifically, United Bank's direct infringement includes, among other things, making, using, offering to sell and importing a system and method by which it delivers the Accused Product to a networked device that in turn delivers and displays content in the manner claimed in the above-identified claims.

16. As a result of the activities described above, United Bank is liable for direct infringement of at least the above-identified claims of the '762 Patent under 35 U.S.C. § 271(a).

17. To the extent any factfinder concludes that United Bank does not literally satisfy any element of the claims of the '762 Patent, those elements are met under the Doctrine of Equivalents.

18. Alternatively and in addition to its liability for direct infringement of the above-identified claims of the '762 Patent, United Bank is also liable for indirectly infringing the above-identified claims of the '762 Patent in this judicial district and elsewhere in the United States by inducing direct infringement in violation of 35 U.S.C. § 271(b) and by contributing to direct infringement in violation of 35 U.S.C. § 271(c).

19. United Bank has been aware of the '762 Patent since service of the complaint in this action and its infringement is ongoing.

20. The direct infringement induced or contributed to by United Bank includes at least the continued use of the Accused Product by United Bank's customers acting in combination with United Bank.

21. United Bank encourages continued direct infringement of the above-identified claims of the '762 Patent by at least widely publicizing its Accused Product and providing on its website tools and instructions for conducting the directly infringing use.

22. United Bank induces continued infringement by at least encouraging and instructing its customers to perform some or all of the claimed steps, while in certain instances performing certain of the steps itself in coordination with such performance by customers.

23. United Bank's specific intent to cause its customers to directly infringe can be inferred by its knowledge of the '762 Patent and from the striking similarity between the Accused Product and the claims of the '762 Patent. Both the '762 Patent and the Accused Product use applet applications to deliver and display browser-independent content on a networked device.

24. United Bank contributes to direct infringement of the asserted claims of the '762 Patent by providing its customers with tools for operating the Accused Product, including the downloading of applet applications for the delivery and display of browser-independent content. Those tools are not staple articles of commerce and have no substantial non-infringing uses. They are specifically designed to work with the Accused Product and their only purpose is to operate in a manner that directly infringes the asserted claims of the '762 Patent.

25. United Bank's acts of infringement have caused damage to Groove Digital and Groove Digital is entitled to recover from United Bank the damages it has sustained as a result of United Bank's wrongful acts in an amount subject to proof at trial. United Bank's infringement of Groove Digital's exclusive rights under the '762 Patent will continue to damage Groove Digital, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. United Bank's ongoing infringement is willful and deliberate, as United Bank became aware of the infringing nature of its Accused Product at the latest when it received a copy of this complaint, entitling Groove Digital to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Groove Digital prays that it have judgment against United Bank for the following:

(1) Adjudging that United Bank has infringed the '762 Patent;

(2) Permanently enjoining and restraining United Bank and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association, active concert or

participation with any of them, from further acts of infringement, contributory infringement or inducement of infringement of any asserted claim of the '762 Patent;

(3)     Awarding damages to Groove Digital, together with both pre-judgment and post-judgment interest;

(4)     Awarding increased damages pursuant to 35 U.S.C. § 284;

(5)     Finding this action constitutes an exceptional case pursuant to 35 U.S.C. § 285;

(6)     Awarding Groove Digital all of its costs in this action, including attorneys' fees and expenses; and

(7)     Awarding such other and further relief, at law or in equity, to which Groove Digital is justly entitled.

## JURY DEMAND

Groove Digital hereby demands a jury trial on all issues so triable.

Dated: December 1, 2017                              Respectfully submitted,

                                                */s/ William E. Bradley*
William E. Bradley
Virginia State Bar #42623
MICHAEL BEST & FRIEDRICH LLP
601 Pennsylvania Avenue, N.W.
Suite 700 South
Washington, D.C. 20004
Tel: (202) 747-9560
Fax: (202) 347-1819
webradley@michaelbest.com


***Attorney for Plaintiff Groove Digital, Inc.***