IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GROOVE DIGITAL, INC.,**

    **Plaintiff,**

v.                                                               Civil Action No. 3:17cv794

**UNITED BANKSHARES, INC.,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant United Bankshares, Inc.'s ("United Bankshares") Motion to Dismiss. (ECF No. 14.) Plaintiff Groove Digital, Inc. ("Groove") responded, and United Bankshares replied. (ECF Nos. 16, 17.) Accordingly, this matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1331[1] and 1338.[2] For the reasons that follow, the Court will deny the Motion to Dismiss without prejudice and order jurisdictional discovery.[3]

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[2] "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . ." 28 U.S.C. § 1338(a). Groove alleges one count of patent infringement under 35 U.S.C. § 271(a).

[3] After briefing on the Motion to Dismiss completed, Groove filed a Motion for Leave to File Notice of Supplemental Authority (the "Motion for Leave"). (ECF No. 18.) Groove attached an opinion from the United States Court of Appeals for the Federal Circuit, asserting that the opinion "is directly related to the Court's determination of Defendant United Bankshares, Inc.'s Motion to Dismiss." (Mem. Supp. Mot. Leave 1, ECF No. 19.) United Bankshares opposed the Motion for Leave, contending that the proffered supplemental authority

## I. Procedural and Factual Background

### A. Procedural History

On December 1, 2017, Groove filed its Complaint, alleging direct and indirect patent infringement against United Bankshares. Groove seeks a declaration of infringement, a permanent injunction against any further infringement, and an award of damages. United Bankshares filed a Motion to Dismiss seeking dismissal of Groove's Complaint for: (1) failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6); (2) improper venue under Federal Rule of Civil Procedure 12(b)(3) and Local Civil Rule 3; and, (3) lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Groove responded, and United Bankshares replied.

### B. Factual History

#### 1. Factual Allegations Relevant to Groove's Claim of Infringement

Groove owns U.S. Patent No. 9,454,762 ("the '762 Patent"), titled "System and Method for the Delivery of Content to a Networked Device." (Compl. ¶ 3, ECF No. 1.)

> The '762 Patent generally claims improvements in the delivery and display of digital content to computer systems by using applet applications . . . . The improvements include the use of app-based alerts known as "push-notifications" to provide (i) content directly to a device, and (ii) browser links to specific web pages . . . . Additional improvements include the ability of the apps to passively deploy and terminate operation without requiring any input from the user of the device and to deliver content independent of the browser used . . . .

---

"does not affect the outcome of United Bankshares' pending motion to dismiss." (Resp. Mot. Leave 1, ECF No. 20.) Because the Court will deny the Motion to Dismiss without prejudice, the Court will deny as moot the Motion for Leave. (ECF No. 18.)

2

> As a result of the improvements provided by the '762 Patent, the overall functionality of computer systems' content delivery has been improved to the extent that passively-deployed browser-independent app-based content accounts for an increasingly substantial portion of content delivery in the smartphone and tablet market.

(*Id.* ¶ 10–11.)

Groove contends that United Bankshares infringed, and continues to infringe, "literally or through the doctrine of equivalents, directly, jointly, or indirectly, contributorily, and/or through the inducement of others, one or more claims[4] of the '762 Patent." (*Id.* ¶ 14.) According to Groove, United Bankshares infringes on the '762 Patent by "making, using, offering to sell and/or selling . . . its 'Bank with United' mobile banking application." (*Id.*) As to the alleged *indirect* infringement, United Bankshares purportedly encourages direct infringement through widely publicizing its "Bank With United" mobile application, and through providing tools and instructions on its website for conducting the directly infringing use. (*Id.* ¶ 21.) Groove asserts that United Bankshares additionally encourages and instructs its customers "to perform some or all of the claimed [infringing] steps," and sometimes performs "certain of the steps itself in coordination" with its customers' performance. (*Id.* ¶ 22.)

### 2. Factual Allegations Relevant to Personal Jurisdiction

Groove, incorporated in Delaware with a principal place of business in Morristown, New Jersey, alleges that United Bankshares is a Virginia corporation with its principal place of business in Vienna, Virginia. United Bankshares denies this allegation, asserting that it "is incorporated in West Virginia and headquartered in Charleston, West Virginia—not Virginia." (Mem. Supp. Mot. Dismiss 2, ECF No. 14.) United Bankshares attaches to its Motion to Dismiss

---

[4] Groove posits that United Bankshares directly and indirectly infringes at least claims 1, 3, 7, 8, 9, 14, 18, 19, 20, 22, 24, 25, 29, 30, 31, 33, 35, 36, and 37.

3

a declaration by its attorney with three exhibits, which the attorney affirms are "true and accurate cop[ies]" of searches conducted on publicly accessible websites. (Rodkey Decl., ECF No. 15-1.)

Exhibit one "is a true and accurate copy of the Business Organization Detail for United Bankshares, retrieved from the publicly accessible West Virginia Secretary of State, Business Organization Search." (*Id.* ¶ 3.) That document indicates that "United Bankshares, Inc.," has a "[c]harter [s]tate" of West Virginia, and a "[p]rincipal [o]ffice [a]ddress" in Charleston, West Virginia. (Rodkey Decl. Ex. 1 at 1–2, ECF No. 15-2.) The exhibit further identifies "[m]ergers" occurring in 2008 and 2017, all denoting United Bankshares, Inc., as the "[s]urvived" entity, and West Virginia as the "[s]urvived [s]tate." (*Id.* at 2.) The exhibit includes the following disclaimer at the top of the page:

> *NOTICE: The West Virginia Secretary of State's Office makes every reasonable effort to ensure the accuracy of information. However, we make no representation or warranty as to the correctness or completeness of the information. If information is missing from this page, it is not in the The* [sic] *West Virginia Secretary of State's Database.*

(*Id.* at 1.)

Attached as exhibits two and three to the Rodkey Declaration are printouts of searches from "the publicly accessible Commonwealth of Virginia State Corporation Commission, Business Entity Search." (Rodkey Decl. ¶¶ 4, 5.) Exhibit two displays the results of a search for "United Bank" in Virginia. (*Id.* ¶ 4.) That printout lists two businesses with the name "United Bank"—one listed as a corporation, with an "[a]ctive" status, and one listed as a corporation with a "[m]erged" status. (Rodkey Decl. Ex. 2 at 1, ECF No. 15-3.) Exhibit three shows the results of a search for "United Bankshares" in Virginia, and indicates that "no data [is] available," (Rodkey Decl. Ex. 3 at 1, ECF No. 15-3).

Groove does not respond to United Bankshares' assertion of its incorporation in West Virginia, or the information included in the Declaration and attached exhibits. Groove provides

4

no declarations or other evidence as to United Bankshares' state of incorporation. Rather, Groove argues that personal jurisdiction properly lies in Virginia as United Bankshares has committed infringement here, "because [it] provides services and/or products in this judicial district, maintains a regular and established place of business in this district, and otherwise has minimum contacts here." (Resp. Mot. Dismiss 8, ECF No. 16.) Groove also asserts that, "[a]ccording to United Bank[shares]'[][5] website, . . . it has multiple branch locations in this district[,] . . . a fact of which the Court may take judicial notice."[6] (*Id.*) According to Groove, venue properly lies in this Court because of the branch locations, and because United Bankshares provided "services and/or products" within this district and has "minimum contacts" with this district. (Compl. ¶ 8.)

## II. Analysis:  Personal Jurisdiction

United Bankshares' Motion to Dismiss posits that Groove "only pleads—inaccurately— that personal jurisdiction is proper in Virginia '[b]ecause United [Bankshares] is a Virginia corporation that has committed acts of patent infringement in this judicial district and maintains a regular and established place of business in this district.'" (Mem. Supp. Mot. Dismiss 25 (quoting Compl. ¶ 7).) United Bankshares argues, attaching the Rodkey Declaration, that it "is *not* a Virginia corporation. The only place of business in Groove's . . . Complaint—'2071 Chain Bridge Road, Vienna, VA 22182'—is *not* a place of business of United Bankshares, but rather its

---

[5] In its Complaint and throughout briefing, Groove—confusingly—refers to Defendant United Bankshares, Inc., only as "United Bank."

[6] Groove cites to no authority for its proposition that this Court may take judicial notice of information on a website. Under Federal Rule of Evidence 201, the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or[,] (2) can be accurately and readily determined from *sources whose accuracy cannot reasonably be questioned.*" Fed. R. Evid. 201(b) (emphasis added). Groove does not explain how a website could constitute a source of information whose accuracy cannot reasonably be questioned.

subsidiary United Bank." (*Id.* (quoting Compl. ¶ 2).) United Bankshares contends therefore that "the Complaint is devoid of any accurate pleading of proper personal jurisdiction in Virginia over United Bankshares." (*Id.*)

For the reasons stated below, the Court will deny the Motion to Dismiss without prejudice, and grant jurisdictional discovery to assess whether personal jurisdiction is proper.

### A. Personal Jurisdiction in Patent Cases

Federal Circuit law governs personal jurisdiction in patent cases because "the jurisdictional issue is 'intimately involved with the substance of the patent laws.'" *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)).

#### 1. Groove Bears the Burden of Proving Personal Jurisdiction

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of proof as to whether the defendant is subject to personal jurisdiction." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285, 1294 (Fed. Cir. 2009). When the parties have not yet conducted discovery and the court does not conduct an evidentiary hearing, "the plaintiff need[s] 'only to make a prima facie showing' that the defendant[] [is] subject to personal jurisdiction." *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003) (quoting *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1347 (Fed. Cir. 2002)). The Court "must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in

the affidavits in the plaintiff's favor."[7] *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003). The burden of proof then "shifts to the defendant, which must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985)).

### 2. Personal Jurisdiction Standard

"'Personal jurisdiction' is the phrase used to express a court's power to bring a person into its adjudicative process." *Noble Sec., Inc. v. MIZ Eng'g, Ltd.*, 611 F. Supp. 2d 513, 525 (E.D. Va. 2009) (citation omitted). "Federal district courts may exercise such personal jurisdiction 'only to the degree authorized by Congress under its constitutional power to ordain and establish the lower federal courts.'" *Id.* (quoting *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997)). The personal jurisdiction question is resolved by a two-step inquiry: (i) "the district court determines whether a provision makes the defendant amenable to process"; and, (ii) "the district court ensures that maintenance of the suit does not offend . . . the due process clause." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998) (internal quotations omitted).

The "test for determining whether the exercise of jurisdiction comports with due process" follows the "three-pronged approach" emanating from the Supreme Court's decision in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). *See Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1411 (Fed. Cir. 2009). "First, the defendant must have 'minimum contacts'

---

[7] "The allegations in the complaint must be taken as true to the extent they are *uncontroverted by the defendant's affidavits.* If [both] parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor . . . ." *Behagen v. Amateur Basketball Ass'n of the U.S.*, 744 F.2d 731, 733 (10th Cir. 1984) (emphasis added) (internal citation omitted). Here, Groove submitted no affidavit or other evidence; only United Bankshares presented a Declaration.

7

with the forum state," which, in the "context of specific jurisdiction," means that "the defendant has 'purposefully directed his [or her] activities at residents of the forum.'" *Id.* (quoting *Synthes*, 563 F.3d at 1297). Second, the claim must "'arise[] out of or relate[] to the defendant's activities with the forum.'" *Id.* And third, the "'assertion of jurisdiction'" must be "'reasonable and fair.'" *Id.* "The plaintiff bears the burden as to the first two requirements, and if proven, the burden then shifts to the defendant to 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

### B. Groove Fails to Properly Establish Personal Jurisdiction

In its Complaint, Groove alleges that United Bankshares purposefully directed its allegedly infringing activities at Virginia residents. According to Groove, United Bankshares "conducts substantial business in this judicial district, including, but not limited to, regularly soliciting business from, doing business with, and deriving revenue from goods and services provided to customers" in the Eastern District of Virginia. (Compl. ¶ 7.) Groove further contends that there exists "continued use of the [allegedly infringing mobile application] by United Bank[shares]'[] customers acting in combination with" United Bankshares. (*Id.* ¶ 20.) Groove posits that United Bankshares publicizes its mobile application and provides tools and instructions on its website for conducting the infringing use. (*Id.* ¶ 21.) Finally, Groove states that United Bankshares infringes the '762 Patent by "making, using, offering to sell and/or selling its 'Bank With United' mobile application." (*Id.* ¶ 14.) If these allegations were not contradicted, Groove likely would sufficiently plead personal jurisdiction over United Bankshares.

8

However, United Bankshares produces a declaration and attached exhibits indicating that it is not a Virginia corporation and does not conduct business in Virginia.[8] Groove's allegation that United Bankshares is a Virginia corporation—normally entitled to the assumption of truth at the motion to dismiss stage—cannot withstand, on its own, contradiction by affidavit or declaration. *See Behagen,* 744 F.2d at 733 ("The allegations in the complaint must be taken as true *to the extent they are uncontroverted by the defendant's affidavits.*" (emphasis added)). Groove therefore cannot establish personal jurisdiction on the basis of United Bankshares' state of incorporation.

Groove similarly fails to prove personal jurisdiction arising out of United Bankshares' place of business in Vienna, Virginia. United Bankshares contends that this location "is *not* a place of business of United Bankshares, but rather its subsidiary United Bank." (Mem. Supp. Mot. Dismiss 25.) United Bankshares' declaration indicating that United Bank (but not United Bankshares) has locations in Virginia further supports this assertion. Again, Groove provides no *evidence* in support of its contention, which United Bankshares disputes via declaration, that the Vienna location constitutes United Bankshares' place of business. Groove's assertion, therefore, is not entitled to the assumption of truth. *See Behagen,* 744 F.2d at 733.

---

[8] The Court notes that United Bankshares submitted computer printouts of online searches conducted by its attorney, rather than a declaration regarding United Bankshares' state of incorporation from someone with personal knowledge of that fact. Moreover, the exhibit with the internet search indicating that United Bankshares is incorporated in West Virginia includes a warning that the website makes "no representation or warranty as to the correctness or completeness" of the information retrieved. (Rodkey Decl. Ex. 1 at 1.)

Although United Bankshares utilized a curious method to dispute the facts on which Groove bases its assertion of personal jurisdiction, Groove nonetheless "bears the burden of proof as to whether the defendant is subject to personal jurisdiction." *Synthes,* 563 F.3d at 1294. Because Groove provides no evidence countering that supplied in United Bankshares' Declaration, the Court cannot find that Groove has carried its burden.

If the Virginia location to which Groove points constitutes merely a subsidiary of United Bankshares, Groove would have to show that *United Bank* amounts to an "alter ego" of United Bankshares to establish personal jurisdiction over *United Bankshares* based on United Bank's business activities in Virginia. *See Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 649 (8th Cir. 2003) (noting that when "the resident subsidiary corporation is the alter ego of the nonresident corporate defendant, the subsidiary's contacts are those of the parent corporation's, and due process is satisfied."). Although Groove alleges that United Bankshares has contacts in the Eastern District of Virginia, these pleadings do not satisfy the alter ego test, which requires "(i) a unity of interest and ownership between the [subsidiary] and the corporation, and (ii) that the [subsidiary] used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage." *Newport News Holding Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 434 (4th Cir. 2011) (internal alterations omitted). Groove fails to meet this standard, either in its Complaint or in briefing. Groove therefore cannot meet its burden to establish personal jurisdiction over United Bankshares.

C. **The Court Will Grant Jurisdictional Discovery**

Discovery under the Federal Rules of Civil Procedure is generous in scope and freely permitted, and district courts "have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them]." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993) (alterations in original) (quoting *In re Multi–Piece Rim Prods. Liab. Litig.*, 653 F.2d 671, 679 (D.C. Cir. 1981)). Jurisdictional discovery can be appropriate when a plaintiff identifies "specific and substantive" allegations regarding a defendant's contacts with the forum state, *see, e.g., Mamo v. BP P.L.C.*, No. 1:05cv1323, 2006 WL 572327, at *2 (E.D. Va. Mar. 7, 2006), or when "'significant gaps in the record' exist[] regarding 'defendant's traditional . . . and

also defendant's Internet-based contacts,'" *Weinstein v. Todd Marine Enters.*, 115 F. Supp. 2d 668, 676 (E.D. Va. 2000) (quoting *Coastal Video Commc'ns Corp. v. The Staywell Corp.*, 59 F. Supp. 2d 562, 571 (E.D. Va. 1999)).

Although Groove fails to establish personal jurisdiction over United Bankshares either based on its state of incorporation or its relationship to United Bank, Groove seeks jurisdictional discovery. Groove requests "discovery on the relationship between United Bank[shares] and its Virginia-based subsidiary to determine whether . . . jurisdiction [is] supported by the subsidiary's presence and United Bank[shares]'[] relationship with its subsidiary." (Resp. Mot. Dismiss 8.) Groove also requests leave to "amend the Complaint as necessary to remedy any deficiencies." (*Id.* at 9.)

While United Bankshares asserts that the identified location in Vienna belongs only to its subsidiary, United Bank, it provides no information from which this Court could determine that United Bank does *not* constitute the alter ego of United Bankshares.[9] Both parties recognize the United Bank location in Vienna, Virginia, and Groove further asserts that "United Bank[shares]'[] website [indicates] multiple branch locations in this district," and identifies from the website sixteen branch locations within the Eastern District of Virginia, including some in Charlottesville, Fredericksburg, Fairfax, and Alexandria. (Resp. Mot. Dismiss 8.) Indeed, United Bankshares represents that it would be amendable to venue in the Alexandria Division of the Eastern District of Virginia were it not to prevail on the merits of its other asserted bases for dismissal.

Because Groove asserts specific and substantive allegations regarding United Bankshares' contacts with Virginia, and because significant gaps in the record exist regarding

---

[9] Of course, United Bankshares does not have the burden to *disprove* the existence of personal jurisdiction—Groove bears the burden of establishing personal jurisdiction.

11

United Bankshares' contacts with Virginia, it is in the interest of justice to grant jurisdictional discovery in order to assess the relationship between United Bankshares and its subsidiary.[10] The Court therefore will therefore deny the Motion to Dismiss without prejudice and grant Groove's request for jurisdictional discovery.

### III. Conclusion

For the reasons stated above, the Court will deny the Motion to Dismiss without prejudice and grant Groove's request for jurisdictional discovery.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 7/23/18
Richmond, Virginia

---

[10] United Bankshares does not address whether jurisdictional discovery is appropriate for the purposes of personal jurisdiction. Rather, it flatly suggests that "discovery is not necessary to resolve venue issues . . . ." because "the Complaint should be dismissed under Rule 12(b)(6)." (Reply Mot. Dismiss 8, ECF No. 17.) Absent jurisdictional discovery, addressing whether Groove states a claim for patent infringement would not promote "the just, speedy, and inexpensive determination" of this matter. Fed. R. Civ. P. 1.