# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | | |
|---|---|---|
| GROOVE DIGITAL, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-00966-LO-TCB |
| | ) | |
| UNITED BANKSHARES, INC., | ) | JURY TRIAL DEMANDED |
| and | ) | |
| | ) | |
| FIDELITY INFORMATION SERVICES, LLC, | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT
## FIDELITY INFORMATION SERVICES, LLC'S MOTION TO DISMISS

Defendant Fidelity Information Services, LLC's ("FIS") motion to dismiss Groove Digital, Inc.'s ("Groove Digital") Second Amended Complaint raises questions that can be answered only through a short period of jurisdictional discovery. If the requested discovery supports jurisdiction in this district, both transfer and severance are unwarranted. On the other hand, if the requested discovery fails to establish the propriety of jurisdiction over FIS in this district, Groove Digital will consent to dismissal of its claims against FIS without prejudice.[1]

---

[1] Although FIS characterizes Groove Digital's Second Amended Complaint as a "belated effort" that "disserves the interests of justice, fair play, and due process," Dkt. No. 66 at 1, it concedes that Groove Digital amended the complaint within the time frame agreed upon by the parties in the Joint Scheduling Order. *Id*. at 3.

## I.     JURISDICTIONAL DISCOVERY IS WARRANTED

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of proof as to whether the defendant is subject to personal jurisdiction." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285, 1294 (Fed. Cir. 2009). When the parties have not yet conducted discovery and the court does not conduct an evidentiary hearing, "the plaintiff need 'only to make a prima facie showing' that the defendant[] [is] subject to personal jurisdiction." *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003) (quoting *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1347 (Fed. Cir. 2002)). The Court "must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003). The burden of proof then "shifts to the defendant, which must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985)).

Venue is proper "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Groove Digital's Second Amended Complaint asserted that FIS meets both criteria. Dkt. No. at ¶ 10. In doing so, Groove Digital identified a Herndon address for FIS. *Id*. Although FIS responds that the Herndon location identified by Groove Digital in its Second Amended Complaint was no longer in use at the time Groove Digital filed the complaint, Dkt. No. 66 at 1, FIS's evidence falls short of a complete rebuttal of Groove Digital's venue assertions.

- 2 -

For example, under certain conditions, it is possible to find that the presence of employees in the district constitutes a regular and established place of business. *InVue Security Prods., Inc. v. Mobile Tech, Inc.*, No. 315-cv-00610, 2017 WL 3595486, at *5 (W.D.N.C. Aug. 21, 2017) ("the court here finds that venue is appropriate in this district as defendant employs six field technicians who regularly service customers in this district who have purchased defendant's allegedly infringing"). Yet FIS never states affirmatively that it has no employees in this district. Instead, it carefully avoids such a statement, noting that "[t]o the extent FIS may have other individuals working on projects related to FIS's mobile banking applications and mobile wallet, the *primary and central U.S. locations* of development, testing, research, source code, and personnel are FIS's San Francisco and Petaluma offices." Dkt. No. 66-2 at ¶ 13 (emphasis added). FIS further states that

> The *vast majority* of FIS's U.S. software developers for FIS's mobile banking applications and mobile wallet work from FIS's San Francisco and Petaluma offices. These individuals are FIS employees. *Software developers not in these offices, such as those not in the U.S.*, are managed and coordinated from FIS's San Francisco and Petaluma offices, and the leadership teams for software development are located in FIS's San Francisco and Petaluma offices.

Id. at ¶ 14 (emphases added). FIS's use of qualifying language leaves open the question of whether it has any employees in the district under conditions that might support venue here.

Similarly, under some conditions, it is possible to find venue based on the presence of servers in the district. *In re: Google LLC*, No. 2018-152, 2018 WL 5536478, at *2 (Fed. Cir. Oct. 29, 2018 (denying mandamus where the lower court found that "servers and their specific locations under specific contracts" constituted regular and established places of business for Google despite being hosted by third-party internet service providers). Yet the evidence offered by FIS carefully avoids stating whether it has any data stored on non-FIS servers in the district. Instead, it notes only that *specific types* of data (*i.e.*, "tools for research and development, such as

development and build environments" and "testing environments") reside on servers in California. Dkt. No. 66-2 at ¶¶ 14-17. Here again, the limiting nature of FIS's statements leaves open questions of whether other types of servers, such as non-FIS servers hosting client data, are located in the district.

Discovery under the Federal Rules of Civil Procedure is generous in scope and freely permitted, and district courts "have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them]." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993) (alterations in original) (quoting *In re Multi–Piece Rim Prods. Liab. Litig.*, 653 F.2d 671, 679 (D.C. Cir. 1981)). Jurisdictional discovery can be appropriate when "'significant gaps in the record' exist[ ] regarding 'defendant's traditional ... and also defendant's Internet-based contacts,'" *Weinstein v. Todd Marine Enters.*, 115 F. Supp. 2d 668, 676 (E.D. Va. 2000) (quoting *Coastal Video Commc'ns Corp. v. The Staywell Corp.*, 59 F. Supp. 2d 562, 571 (E.D. Va. 1999)). Here, judicial economy favors resolving the jurisdictional question to the fullest extent possible, which requires a brief period of discovery directed to FIS's presence in the district.

## II.     IF VENUE IS AVAILABLE, TRANSFER IS NOT APPROPRIATE

If venue is established in light of the requested discovery, the facts do not support a transfer. As Groove Digital's claims against FIS could have been brought in the Northern District of California, the focus of the transfer inquiry turns on four factors: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; and (4) the interests of justice. *Innovative Comm's Techs., Inc. v. Vivox, Inc.*, Nos. 2:12-cv-007-009, 2012 WL 4738979, at *3 (E.D. Va.  Oct. 3, 2012) (noting that "[t]he party seeking transfer bears the burden of demonstrating that 'the circumstances of the case are strongly in favor of transfer.'").

Of those four factors, witness convenience is often dispositive. *Id.* at 5. Yet FIS fails to name a single witness in the Northern District of California, relying instead on generalized descriptions of expected witnesses and testimony. Dkt. No. 66 at 13. This Court has previously held that such descriptions do not support transfer. *Innovative Comm's Techs.*, 2012 WL 4738979, at *6 (denying transfer where "Defendants have made only vague generalizations about their expected witnesses").

Further, as in the *Innovative Communications* case, the witnesses in this case—including party witnesses and third-party-witnesses—are located in multiple districts around the country. Groove Digital principals and named inventors Sam Gaidemak and Paul Chachko are both located in New Jersey. Dkt. No. 58-1 at cover page. As a result, even discounting the deference to which Groove Digital is entitled as plaintiff, the Eastern District of Virginia is far more convenient to Groove Digital and its witnesses than the Northern District of California.

Similarly, while FIS asserts that some of its software developers for its accused mobile banking applications and mobile wallet are located in its offices in the Northern District of California, it acknowledges that others are not. Dkt. No. 66-2 at ¶ 14 (stating that "[t]he vast majority of FIS's U.S. software developers for FIS's mobile banking applications and mobile wallet work from FIS's San Francisco and Petaluma offices"). While FIS does not indicate where the others are located, it notes that at least some of them are outside the United States. *Id*. The evidence offered by FIS thus fails to establish that the Northern District of California is more convenient for it than this district. In any event, however, where "the original forum is convenient for plaintiff's witness, but inconvenient for defendant's witnesses, and the reverse is true for the transferee forum ... transfer is inappropriate because the result of transfer would serve only to shift the balance of inconvenience." *Board of Trustees v. Baylor Heating & Air*

- 5 -

*Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988).

This district is also more convenient to anticipated third-party witnesses. FIS's co-defendant United Bank (represented by the same counsel as FIS) has served numerous subpoenas on third parties around the country seeking prior art or other information related to the Asserted Patent, including:

- Earth Networks, Inc. – Lutherville-Timonium, Maryland (Ex. 1);

- Oath, Inc. – Dulles, Virginia (Ex. 2);

- McGraw-Hill Education, Inc. – Dover, Delaware (Ex. 3);

- Microsoft Corp. – Tumwater, Washington (Ex. 4);

- O'Reilly Media, Inc. – Dover, Delaware (Ex. 5);

- Pearson Education, Inc. – Dover, Delaware (Ex. 6);

- Wiley Publishing Services, Inc. – Wilmington, Delaware (Ex. 7);

- Verizon Communications Inc. – New York, New York (Ex. 8);

- Verizon Media Group – Santa Paula, California (Ex. 9);

- Dentons US, LLP – Washington, D.C. (Ex. 10); and

- Backweb Technologies Inc. – Los Angeles, California (Ex. 11).

Based on the subpoenas, all of those third parties will have witnesses with information relevant to the validity of the Asserted Patent and thus relevant to FIS's defense, yet none of them is located in the Northern District of California (both Santa Paula and Los Angeles are located in the Central District of California). One of them is located in this district and many others are situated in New York, Delaware, Washington, D.C., and Maryland, all of which are far closer to this district than the Northern District of California. Thus, rather than strongly supporting transfer, the convenience of third-party witnesses weighs strongly against transfer

- 6 -

from this district. *Innovative Comm's Techs.*, 2012 WL 4738979, at *6 (given "that relevant evidence, documents, and key witnesses witness are located in several fora, convenience of the parties and witnesses does not support a decision to transfer this action").

Nor do the interests of justice support transfer. While the interests of justice comprise a broad category, the most important factor is the pendency of other actions, judicial economy, and the risk of inconsistent judgments. *Id.* Indeed, this Court has found that "[i]n most cases, the 'litigation of related claims in the same tribunal facilitates efficient, economical, and expeditious pre-trial proceedings and discovery,' and prevents 'duplicative litigation and inconsistent results.'" *Samsung Electronics Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721 (E.D. Va. 2005). Here, given the commonality in claims against FIS and United Bank, whose Accused Products were developed by FIS, the interests of justice weigh against transfer.

Consequently, none of the relevant factors support transfer to the Northern District of California, but the balance of factors favors keeping the case in this district.

## III.    IF VENUE IS AVAILABLE, SEVERANCE IS NOT APPROPRIATE

Because transfer is not appropriate here, neither is severance. This Court has held that "severance is appropriate where: (1) the claim to be severed is peripheral to the remaining claims; (2) the adjudication of the remaining claims is potentially dispositive of the severed claim; ***and*** (3) the transfer of the remaining claims otherwise is warranted under § 1404(a)." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 632 (E.D. Va. 2003) (emphasis added). Thus even assuming that FIS properly established the first two elements, its failure to establish the third element is fatal to its argument for severance.

IWASHINGTON\000148547\0003\508129.v1-2/19/19

## IV.     GROOVE DIGITAL PROPERLY JOINED FIS

"Under Section 299(a), joinder is permitted only when common issues are accompanied by a claim arising out of the same transaction." *CIVIX—DDI, LLC v. LoopNet, Inc.*, No. 2:12-cv-002, 2012 WL 13020700, at *3 (E.D. Va. June 21, 2012). Here, it is undisputed that common issues exist and that Groove Digital has a claim against FIS that arises out of the same transaction as its claims against United Bank.

Specifically, FIS concedes that its accused mobile banking applications include United Bank's accused mobile banking applications. Dkt. No. 66 at 17 ("FIS developed and provided United Bank's accused software applications"). Thus there is a logical relationship between Groove Digital's claims against FIS and its claims against United Bank, which, given the overlapping nature of the accused products, necessarily share an aggregate of operative facts with substantial evidentiary overlap. *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012) ("independent defendants satisfy the transaction-or-occurrence test of Rule 20 when there is a logical relationship between the separate causes of action. The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant. In other words, the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must *share* an aggregate of operative facts.").

FIS's reliance on *Digitech Image Technologies* does not compel a different conclusion. There, the Central District of California found that the sale of a camera from Leica to Best Buy was a different transaction than the sale of the same camera from Best Buy to an end user. *Digitech Image Techs., LLC v. Agfaphoto Holding GmbH*, No. 8:12-cv-1153, 2012 WL 4513805, at *4 (C.D. Cal. Oct. 1, 2012). Critically, the court based that conclusion on the fact that there was no single transaction in which both Leica and Best Buy could be found liable for

- 8 -

infringement. *Id.* Here, however, FIS develops (*i.e.*, manufactures) the accused United Bank products pursuant to a contract with United Bank, making both parties independently liable for that development. Accordingly, the relationship between FIS and United Bank supports joinder.

## V. CONCLUSION

Based on the foregoing, Groove Digital asks the Court (1) for leave to take jurisdictional discovery and (2) amend the Complaint as necessary to remedy any deficiencies in light of the requested discovery.

Dated: February 19, 2019                                    Respectfully submitted,

/s/ William E. Bradley
William E. Bradley
Virginia State Bar #42623
MICHAEL BEST & FRIEDRICH LLP
1000 Maine Avenue, SW
Suite 400
Washington, D.C. 20024
Tel: (202) 747-9560
Fax: (202) 347-1819
webradley@michaelbest.com

Brian S. Seal (*pro hac vice*)
Thomas G. Southard (*pro hac vice*)
BUTZEL LONG, PC
1909 K Street, N.W.
Suite 500
Washington D.C. 20006
Tel: (202) 454-2800
Fa: (202) 454-2805
seal@butzel.com
southard@butzel.com

***Attorneys for Plaintiff Groove Digital, Inc.***

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 19, 2019, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF")

to the counsel of record who have appeared in this case on behalf of the parties.

/s/ William E. Bradley
William E. Bradley
Virginia State Bar #42623
MICHAEL BEST & FRIEDRICH LLP
601 Pennsylvania Avenue, N.W.
Suite 700 South
Washington, D.C. 20004
Tel: (202) 747-9560
Fax: (202) 347-1819
webradley@michaelbest.com